IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01603-WYD-CBS

NORO INVESTMENTS, LLC,

    Plaintiff and Couterclaim Defendant,

v.

TLM LAND HOLDINGS, LLC; and
TERRY MYHRE,

    Defendants and Counterclaim Plaintiffs,

v.

RENAISSANCE ENTERPRISES GROUP, LLC,
RUMSEY LAND COMPANY, LLC,
WILLIAM ROMANOWSKI,
KEVIN FRANCE, and
RODNEY GUERRIERI,

    Additional Counterclaim Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon request by the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways,

IT IS HEREBY ORDERED:

    1.    As used in this Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document "Confidential," a party may designate any document, including interrogatory response, other discovery response, or transcript, which the party in good faith contends to constitute or contain confidential information.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of Confidential documents to any person other than those specified in paragraph 4.

4. Access to any Confidential document shall be limited to:

(a) The Court and its officers;

(b) The parties' attorneys and their office associates, legal assistants, and stenographic and clerical employees;

(c) Persons shown on the face of the document to have authored or received it;

(d) Court reporters retained to transcribe testimony;

(e) The parties, and those employees of the parties whom counsel believe, in good faith, have a need to review the document for the purposes of this litigation;

(f) Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5. The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), 4(b), 4(c), 4(d), and 4(f).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential - Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

7. It shall be the responsibility of the party producing a document or portion of a doCument designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to stamp the document "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' ONLY," as appropriate, and to place such designation on each page of the document. All documents so designated shall be designated prior to the transmission of a physical copy thereof to the receiving party.

8. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to he disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. Depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential - Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential - Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential - Attorneys' Eyes Only" shall have 10 days frown the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

12. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for- the District of Colorado.

Prior to disclosure at trial or at a hearing of materials or information designated "Confidential" or "Confidential - Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

13. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ, P. 26(c).

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action,

15. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

17. The obligations imposed by this Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in.

connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

DATED at Denver, Colorado, this 22nd day of October, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

AGREED TO:

HALLELAND, LEWIS, NILAN & JOHNSON, P.A.
BY: _____
Kevin D. Hofman
600 U.S. Bank Plaza South
220 S. 6th Street
Minneapolis, Minnesota 55402
(612) 338-1838

Attorneys for TLM and Myhre

WELBORN SULLIVAN MECK & TOOLEY, P.C.
BY: _____
William R. Rapson
821 17th Street, Suite 500
Denver, Colorado 80202
(303) 830-2500

Attorneys for TLM and Myhre